HARRIET R. ROCKWELL and Another, Plaintiffs, *v.* ANNIE P. DECKER and Others, Defendants.

RICHARD MARTIN, Purchaser, Appellant.

*Partition — provision in an interlocutory decree for the protection of the interests of contingent remaindermen — an error in the judgment confirming the sale, as to the disposition of the proceeds thereof, will not affect the title of a purchaser — a trust fund need not always be paid into court.*

The interlocutory judgment in an action for partition adjudged that the executors and trustees of the testator were entitled to an undivided one-third of the property, in trust to apply the income to the use of one of the testator's daughters during her natural life, and that at her death the remainder was to go to her lawful issue, if any survived her, and in default of such issue it was to go to her sisters, or their issue. The final judgment ordered one-third of the proceeds of sale to be paid to the said executors and trustees.

A purchaser refused to complete his purchase, upon the grounds that the judgment did not properly protect the interests of the contingent remaindermen in the trust fund, and that it should have directed the payment of the fund into court:

*Held,* that there was no absolute rule requiring the trust fund in such a case to be paid into the office of the county clerk, or of the county treasurer.

That the validity of the title of a purchaser under a judgment in partition would not be affected by an error therein in the manner of protecting the contingent interests of remaindermen.

That the purchaser should be compelled to complete his purchase.

Appeal by a purchaser at a partition sale, from an order requiring him to complete his purchase.

The purchaser declined to complete his purchase unless the judgment was " amended so as to provide for and protect the contingent interests of the unborn children of the defendant Annie P. Decker, by substituting the fund derived from the sale of the land affected

by such interests in place of the land, and preserving it to the extent necessary to satisfy such interests as they arise," and until by the final decree in the action the proceeds of the sale were disposed of according to the provisions of article 2 of chapter 14 of the Code of Civil Procedure.

The interlocutory decree in this case ordered and adjudged that the rights, shares and interests of the parties in the property mentioned in the complaint are as follows : " Almira Chase, Stephen P. Nash, Ashley C. Morrill and Augustus P. Rockwell, executors and trustees under the last will and testament of James Chase, deceased, an undivided one-third thereof in trust, to apply the income thereof to the use of the defendant Annie P. Decker, for and during her natural life, free from any control or interference of her husband, remainder at her death to her children, the defendants Annie C. Decker and Nellie B. Decker, and to her lawful issue, if she leave any surviving her; if not then to her sisters, the defendants Harriet R. Rockwell and Sophia P. Morrill, if they survive her, and to their lawful issue if they do not survive her, the children taking in such cases the share their mother would have taken if living."

The final judgment confirmed the sale, directed the referee to execute the proper conveyances and to pay one-third of the proceeds of the sale to the said executors and trustees, who by the interlocutory decree had been declared entitled to the same.

*John H. Kemble*, for Richard Martin, purchaser, appellant.

*S. P. Nash*, for the plaintiffs.

PRATT, P. J. :

There is no cast-iron rule that the fund in a case like this be paid into the clerk's office, or to the county treasurer. It is sufficient that the court directs such a disposition as it deems best calculated to secure its safety.

The court below directed that it be paid to the parties named in the will. We do not see that any other disposition is required.

We are of opinion that an error of judgment in the manner of protecting the contingent interests of remaindermen cannot affect the validity of the title. All parties in being have been made

parties and are bound by the judgment, and the sale bars all future contingent interests. The purchaser will get a good title.

Order affirmed.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order affirmed, with costs and disbursements.